KANSAS CITY WHOLESALE GROCERY COMPANY, Respondent, v. ARCH McDONALD, Appellant.

Kansas City Court of Appeals, May 7, 1906.

1. TRIAL AND APPELLATE PRACTICE: Finding of Facts: Verdict: Conclusions of Law. Appellate courts are required to treat findings of fact by the lower court as the equivalent of a verdict of the jury. But where the finding of the trial court is equivalent to a declaration of law that there is no evidence to support a given fact, the appellate court may look at the evidence in determining that question.

2. CHATTEL MORTGAGE: Replevin: Pleading: Denial. A petition in an action of replevin bottomed on a chattel mortgage in favor of C. R. averred that it was the successor to the rights and business of C. R. *Held*, the averment was not a necessary one, but being made, became a material one, and the failure to controvert it in the pleadings admitted its truth, and plaintiff's action could not be defeated for want of evidence that it had succeeded to the ownership of a mortgage debt.

Appeal from Jasper Circuit Court. — *Hon. Howard Gray*, Judge.

REVERSED AND REMANDED.

*E. B. Chestnut* and *C. F. Roberts* for appellant.

(1)   The mortgagor voluntarily surrendered the possession of the property to the mortgagee (the plaintiff herein) prior to the levy by the constable under the writs of execution and attachment.   This would purge the mortgage of fraud, if there was any.   Carriage Co. v. Wells, 99 Mo. App. 650.   (2)   The court erred in holding that plaintiff should have shown that a resolution was passed by the board of directors of the Campbell-Redell Grocery Company, authorizing the transfer of all its assets to the plaintiff.   This it was unnecessary for plaintiff to do under the pleadings.   The plaintiff alleged in its petition that it succeeded to "the business, assets and credits" of the Campbell-Redell Grocery Company.   This allegation is not denied by the defendant in his answer.   Therefore, it should be taken as true without the production of any evidence in support of it. R. S. 1899, sec. 628; Moore v. Sanborn, 42 Mo. 495; State ex rel. v. Maloney, 113 Mo. 367.   (3)   Plaintiff alleged in its petition that it was owner of the property therein described, which was not denied by the defendant in his answer, hence plaintiff's title to the property was admitted by the defendant.   R. S. 1899, sec. 628.

*J. P. Mead* and *Grayston & Graham* for respondent.

(1)   Appellant's point numbered 3 goes to the pleading and evidence relative to the plaintiff succeeding to the business, assets and credits of the Campbell-Redell Grocery Company. The allegation to that effect in the plaintiff's petition was so disconnected from the proper and material allegations of its petition as to form no part of the cause of action therein stated, because it did not aver that plaintiff's right to the property was derived from the Campbell-Redell Grocery Company.   Ultimate facts should be pleaded.   If this fact had been properly connected with the ultimate

facts necessary in a petition in replevin it would have remained an evidential or probative fact. The ultimate facts necessary in a replevin petition are: 1. Plaintiff's right to possession. 2. Defendant's possession and wrongful detention. 3. Value of the property. R. S. 1899, sec. 628; Moore v. Sanborn, 42 Mo. 495; State ex rel. Stewart v. Maloney, 113 Mo. 367; Bank v. Ragsdale, 158 Mo. 681; 1 Beach on Private Corporations, sec. 357; O'Brien v. Transfer Co., 81 Mo. App. 664. (2) In replevin the plaintiff must recover upon the strength of his own title. Lette v. Bank, 141 Mo. 584.

JOHNSON, J.—Action in replevin to recover possession of a stock of merchandise, fixtures, etc. A jury was waived and, after hearing the evidence, the court entered judgment in favor of defendant, from which plaintiff appealed.

On March 21, 1903, H. Boyd, a retail grocer in Joplin, executed and delivered to the Campbell-Redell Grocery Company, a corporation, a chattel mortgage, conveying his stock of groceries, fixtures, etc., for the purpose of securing the payment of an open account, upon which he was indebted to the mortgagee in the sum of $456.83. The mortgage was filed for record in Jasper county two days after its execution. On July 9, 1904, the account had been reduced by payments to $297.87. Plaintiff was then in possession of the mortgage, which it had held for some time, and claimed to be the owner of the debt secured. On that date, the account was closed in the execution and delivery by Boyd of his negotiable promissory note to plaintiff and the following agreement made between plaintiff as mortgagee and Boyd was indorsed in writing on the mortgage instrument and signed by Boyd:

"It is further understood and agreed that I shall pay to the Kansas City Wholesale Grocery Company two hundred and ninety-seven and 87-100 dollars at the rate of $25 per week, on Monday of each week, at the office

of the Kansas City Wholesale Grocery Company and, if the same be not paid, then attached note to become due and payable in full according to the terms of the above instrument."

On August 24, 1904, the sum of $252 was due on said note and plaintiff took possession of the mortgaged property. The following day, defendant, as constable, seized the property under several executions and writs of attachment sued out by creditors of Boyd and this suit followed.

In the findings of fact made by the court is found the statement that "there is no evidence showing in what county Boyd lived at the time of the execution of the mortgage." It appears, however, that the court was not influenced by this finding in reaching the conclusion that resulted in the judgment rendered, nor is the point made here by defendant that the judgment should be sustained on that finding. Further, it appears that the place of residence of the mortgagor at the time of the execution of the mortgage was not a contested issue and, while it is true there is no direct assertion in evidence that Boyd resided in Jasper county at the time mentioned, there is substantial evidence, uncontradicted, from which that fact fairly may be inferred. We are not ignoring the rule observed by appellate courts that requires the findings of fact made by a court in a law case to be treated as the equivalent of a verdict of a jury. The finding in question on its face shows that it was the result, not of the action of a trier of fact in weighing evidence, but of the court in determining as a matter of law that no evidence at all had been adduced that tended to support an essential fact. The finding should be treated rather as a conclusion of law than as an issue of fact settled by verdict. In this view, we will assume that the mortgage was filed in the county where the mortgagor resided, as the statute requires.

The *bona fides* of the debt secured and the validity

of the mortgage when delivered are not questioned, but the court found that no competent evidence was introduced to show a transfer of the assets of the Campbell-Redell Grocery Company to plaintiff and that consequently plaintiff failed to prove its ownership of the account secured by the mortgage. The conclusion indulged by the court from this finding, if sustained, would necessitate an affirmance of the judgment, for if at the time plaintiff seized the property the title to the mortgage debt still remained in the Campbell-Redell Grocery Company, the mere possession of the mortgage instrument by plaintiff invested it with no interest in the property, since the mortgage, being but an incident to the debt, could not be separated from it and could not independently sustain a cause of action.

But, in our construction of the pleadings, the fact of plaintiff's title to the debt was admitted by defendant and should not have been treated as being in issue. In the petition, plaintiff alleged; "that long prior to the acts complained of herein, it succeeded to the business, assets and credits of the Campbell-Redell Grocery Company, a corporation formerly engaged in the wholesale grocery business at Joplin, Missouri." It is conceded this averment was not traversed in the answer and, if material, stands admitted, but defendant insists that the fact alleged was not elemental to a cause of action in "replevin and therefore not a material fact within the meaning of Revised Statutes 1899, section 628." It is true plaintiff, in order to state a cause of action in replevin, was not required to allege the nature or source of its title to the property, but, if it chose to do this, it restricted its right to a recovery to that derived from the specific facts alleged and notified the defendant to meet it upon that particular ground. The pleader made the fact elemental to his cause of action and bound himself to assert in proof no other cause than one embraced within the limits it imposed. The fact was material and, not being put in issue by the answer, is admitted.

. The allegation under consideration advised the defendant that the title to the property claimed by plaintiff was derived through plaintiff's succession to the business assets and credits of the Campbell-Redell Grocery Company, the mortgagee. The Boyd debt and the mortgage securing it were shown to have been assets of the company succeeded and the fact of the succession was not open to controversy. These considerations reduce the case to this situation. When the defendant constable seized the property under executions and attachment writs, plaintiff was the owner and holder of a prior valid lien under the chattel mortgage executed and delivered by Boyd to the Campbell-Redell Grocery Company and was entitled thereunder to the immediate possession of the property. Such was the situation when this action was commenced and the learned trial judge erred in giving judgment for defendant.

The facts we have stated control the disposition of the case and therefore we deem it unnecessary to mention other facts in evidence or to discuss the arguments based upon them.

The judgment is reversed and the cause remanded. All concur.